UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C18-1822 RJB

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I.    INTRODUCTION

Plaintiff Joseph R. seeks review of the denial of his application for disability insurance and supplemental security income benefits. Plaintiff contends that (1) the administrative law judge ("ALJ") erred by finding that Plaintiff could perform his past work as a cashier, and (2) the case must be remanded because the ALJ was not properly appointed under the constitutional Appointments Clause. Pl. Op. Br. (Dkt. # 11) at 1. Because the Court finds that this case can be resolved based on Plaintiff's first claim of error, and based on the principle of constitutional avoidance, the Court declines to reach Plaintiff's second claim of error. *See Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (declining to address claim of error based on constitutional grounds where case could be resolved on another ground). As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

### A. Procedural History

Plaintiff filed for disability insurance and supplemental security income benefits on April 9, 2015. Admin. Record ("AR") (Dkt. # 9) at 99, 251-65. Plaintiff alleged a disability onset date of January 14, 2014. *Id.* at 99. The Social Security Administration denied his claims initially and on reconsideration. *Id.* at 99-127, 130-45.

On May 9, 2017, ALJ Laura Valente held a hearing, at which Plaintiff and a vocational expert ("VE") testified. *Id.* at 64-96. On December 14, 2017, ALJ Valente issued a decision finding Plaintiff not disabled and denying his benefits claim. *Id.* at 44-55.

### B. The ALJ's Decision

Utilizing the five-step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, ALJ Valente found that Plaintiff had briefly engaged in substantial gainful activity in mid-2014, but had no other periods of gainful activity since January 14, 2014, the alleged onset date. AR at 46. ALJ Valente found that Plaintiff had severe impairments of "epilepsy and/or other seizure disorder, and organic mental disorder (with possible remote cerebrovascular accident)." *Id.* at 47. The ALJ concluded that these impairments, singly or in combination, did not meet or medically equal the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

ALJ Valente determined that Plaintiff had the RFC to perform light work, except that he could never climb ladders, ropes, or scaffolding. *Id.* at 49. Plaintiff needed to avoid all exposure to hazards. *Id.* Plaintiff had sufficient concentration to understand, remember, and carry out simple, routine tasks. Plaintiff could adapt to simple workplace changes as may be required by

such tasks. *Id.*

At step four of the disability evaluation process, considering Plaintiff's age, education, work experience, and RFC, ALJ Valente determined that Plaintiff could perform past relevant work as a cashier II. *Id.* at 54. Based on these findings, ALJ Valente determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 14, 2014, through the date of the ALJ's decision. *Id.*

The Appeals Council denied plaintiff's request for review. *Id.* at 1-3. The ALJ's decision thus became the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

Plaintiff argues that ALJ Valente erred in finding that he was not disabled because Plaintiff could perform past relevant work as a cashier. Pl. Op. Br. at 2-8. The Court agrees.

At the hearing on Plaintiff's claims, ALJ Valente questioned Plaintiff about his past work. *See* AR at 69-74, 78, 83-84, 91-92. Plaintiff testified that he had worked as a cashier, and

specified the job duties only as "[j]ust a cashier." *Id.* at 74.

On examination, the VE classified Plaintiff's past work as a "cashier II," *Dictionary of Occupational Titles* ("DOT") 211.462-010. ALJ Valente then questioned the VE about whether an individual with a limitation to simple, routine tasks could perform any past relevant work, and the VE responded that such an individual could perform the cashier II job. *Id.* at 91. ALJ Valente asked the VE whether her testimony was consistent with the DOT, to which the VE responded "yes." *Id.* at 94.

In her decision, ALJ Valente determined that Plaintiff had the RFC to perform "simple routine tasks." *Id.* at 49. Based on the VE's testimony, ALJ Valente concluded that Plaintiff could perform past relevant work as a cashier II, and was thus not disabled. *Id.* at 54. Plaintiff contends that the ALJ erred in doing so because the RFC limited him to simple, routine tasks, which is inconsistent with the DOT criteria for cashier II.

The DOT is the primary source to which ALJs look at steps four and five for "information about the requirements of work in the national economy." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The DOT work requirements for a particular job are presumed to be accurate, although that presumption is rebuttable. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). The DOT provides that the job of cashier II requires a reasoning level of 3, which is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." DOT 211.462-010, 1991 WL 671840 (4th ed. 1991). The Ninth Circuit has determined that a "limitation to simple, routine tasks is at odds with Level 3's requirements because 'it may be difficult for a person limited to simple, repetitive tasks to follow instructions in diagrammatic form as such instructions can be abstract.'" *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)

(quoting *Adams v. Astrue*, No. C 10-2008 DMR, 2011 WL 1833015, at *4 (N.D. Cal. May 13, 2011)).

"When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citing *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007)). Under SSR 00-4p, the ALJ must ask the vocational expert to explain the conflict and then determine whether the explanation is reasonable before relying on the vocational expert's testimony to determine disability. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) (citing *Zavalin*, 778 F.3d at 846).

The ALJ here did not identify the conflict between the DOT and the VE's testimony that Plaintiff could perform his past work as a cashier. ALJ Valente simply asked the VE whether her testimony was "consistent with" the DOT and its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, to which the VE replied, "[y]es." AR at 94. With no analysis, ALJ Valente concluded in her decision that the VE's testimony was "based on her professional experience and knowledge and is otherwise consistent with the [DOT]." *Id.* at 54.

The ALJ erred by failing to recognize and resolve the conflict between the VE's testimony and the DOT. "[A]n ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (quoting *Johnson*, 60 F.3d at 1435)). Persuasive evidence is more than an ALJ's speculation or a VE's "brief and indefinite testimony." *See Tommasetti*, 533 F.3d at 1042. Accordingly, the Court cannot determine

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 5

whether substantial evidence supports the ALJ's nondisability determination.

The Commissioner attempts to distinguish this case because it was decided at step four. *See* Def. Resp. Br. (Dkt. # 16) at 3-4. The Commissioner argues that Plaintiff actually worked as a cashier, demonstrating that he could perform that job regardless of the DOT listing. *Id.* But the fact that the claimant could perform his past work prior to his disability onset does not mean he could perform it after. At step four, the ALJ must compare the claimant's current RFC with the work requirements of his past jobs. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The record did not contain any evidence of the work requirements of Plaintiff's past job as a cashier, so the only source for that information was the DOT. *See* AR at 74. The ALJ therefore needed to determine whether Plaintiff could perform the job of cashier, as defined in the DOT, in light of his RFC. ALJ Valente failed to do so because she failed to resolve the conflict between the DOT and the VE's testimony, and thus she harmfully erred. *See Tommasetti*, 533 F.3d at 1042.

### IV.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ must address the conflict between the VE's testimony and the DOT, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

DATED this 3rd day of July, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge